**SO ORDERED.**

**Dated: October 21, 2021**

**Eddward P. Ballinger Jr., Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

FOR MATTER TAKEN UNDER ADVISEMENT

| | |
|---|---|
| Bankruptcy Judge: | Eddward P. Ballinger, Jr. |
| Case Name: | Troy Michael Nash and Sarah Ann Nash - Chapter 7 |
| Case Number: | 2:19-bk-11174-EPB |
| Subject of Matter: | Application for Order to Show Cause Re: Violation of the Automatic Stay |
| Date Matter Taken Under Advisement: | September 14, 2021 |
| Date Matter Ruled Upon: | October 21, 2021 |

---

Debtors Troy and Sarah Nash ("Debtors") seek an order of contempt and request sanctions against creditors Mark Lerner and Oxford Financial, LLC, dba Certified Benz & Beemer, and their counsel Tiffany & Bosco, P.A., (collectively referred to hereafter as "Oxford") for allegedly violating the automatic stay of 11 U.S.C. § 362(a)(5).

The facts are not in dispute. Debtors filed for Chapter 7 relief on September 3, 2019. On November 12, 2019, they moved to have their home abandoned by the bankruptcy trustee. On December 5, 2019, Oxford filed adversary 2:19-ap-00424-EPB seeking a determination that

Oxford's claim was non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(6). On December 16, 2019, Debtors received their discharge. On January 4, 2020, the Court granted Debtors' motion to abandon. The administrative case was closed on April 27, 2021. The adversary is still pending.

During this bankruptcy proceeding, Debtor Troy Nash was indicted on seven felony counts of theft, which arose from the same alleged conduct giving rise to Oxford's non-dischargeability complaint. On January 22, 2021, the Maricopa County Attorney's Office, Victim Services Division, provided Oxford a Victims' Rights brochure informing Oxford of its right, as the alleged victim of a crime, to request a pre-conviction restitution lien. The brochure explained that alleged victims of crimes in Arizona have a constitutional right to request a pre-conviction lien if they suffered an economic loss as a result of a crime. *See* Ariz. Const., art. 2, § 2.1(8). This right is codified in Title 13 of Arizona Criminal Code and provides in relevant part:

> **A.** The state or any person entitled to restitution pursuant to a court order may file in accordance with this section a restitution lien. A filing fee, recording fee or any other charge is not required for filing a restitution lien.
>
> * * *
>
> **C.** A prosecutor or a victim in a criminal proceeding in which there was an economic loss may file a request with the court for a preconviction restitution lien after the filing of a misdemeanor complaint or felony information or indictment.
>
> * * *
>
> **E.** A restitution lien is perfected against interests in personal property by filing the lien with the secretary of state, except that in the case of titled motor vehicles it shall be filed with the department of transportation motor vehicle division. A restitution lien is perfected against interests in real property by filing the lien with the county recorder of the county in which the real property is located. The state or a victim may give the additional notice of the lien as either deems appropriate.
>
> * * *

**J.** A criminal restitution lien is a criminal penalty for the purposes of any federal bankruptcy involving the defendant.

Arizona Revised Statute ("A.R.S.") § 13-806.

On March 18, 2021, Oxford filed its request for a pre-conviction restitution lien in Debtor Troy Nash's criminal case. On May 21, 2021, after considering the parties' briefs regarding whether Oxford's lien request violated the automatic stay, the Maricopa County Superior Court issued its ruling granting Oxford a $569,300 pre-conviction restitution lien,[1] concluding

> Victim's request is supported by statute and supporting caselaw. The Court accepts victim's avowal that the automatic stay does not apply in this factual situation. Therefore, the court will sign the pre-Conviction Restitution Lien provided as an order of the Court.

Oxford then recorded the lien with the Maricopa County, Arizona Recorder's Office.

The Bankruptcy Code's automatic stay operates as a stay of "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(5). Here, Debtors' primary argument is that while they received their discharge, the automatic stay still applied to Oxford's claim because of the pending adversary, citing *In re Cambra*, 2002 WL 32332545 (Bankr. D. Haw.). Per 11 U.S.C. § 362(c)(2), the automatic stay remains in effect until the earlier of the case being closed, the case being dismissed or the discharge being granted or denied. Debtors assert that, per *Cambra*, because there has been no determination yet as to the dischargeability of Oxford's claim in the pending adversary, the automatic stay is still in effect. Debtors further point out that, as in *Cambra*, their position is supported by the very language of

---

[1] The fact that the Maricopa County Superior Court ruled on the applicability of the automatic stay does not bar this Court's consideration of the issue on estoppel grounds. As the Ninth Circuit held in *In re Gruntz*, "the final decision concerning the applicability of the automatic stay must rest with the federal courts." 202 F.3d 1074, 1084 (9th Cir. 2000); *see also In re Dunbar*, 245 F.3d 1058, 1063 (9th Cir. 2001)(stating that neither res judicata, collateral estoppel nor the *Rooker-Feldman* doctrine require a bankruptcy court give "full faith and credit" to a state court ruling involving the automatic stay).

the discharge order in their case, which excepted from discharge "debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case." Docket 30. Oxford argues to the contrary, saying discharge was entered in this case and the automatic stay was replaced with the discharge injunction.

The Court need not resolve this issue, however, because it concludes the pre-conviction restitution lien falls within the criminal prosecution exception to the automatic stay found in 11 U.S.C. § 362(b)(1). Subsection (b)(1) provides that the filing of a petition does not operate as a stay "of the commencement or continuation of a criminal action or proceeding against the debtor." Debtors contend that Oxford's request for and recordation of the pre-conviction lien does not fall within subsection (b)(1) because the actions at issue were performed by a non-governmental entity – a creditor. The Court disagrees. There is nothing in the language of subsection (b)(1) that suggests it only applies to actions taken by the government in a criminal proceeding or that a victim's rights under the state's criminal code are excluded. In fact, the Ninth Circuit has drawn broadly the scope of what constitutes a criminal proceeding for purposes of the exception.

In *In re Gruntz,* 202 F.3d 1074 (9th Cir. 2000), the Ninth Circuit refused to enjoin a criminal action simply because the underlying aim of the proceeding was the collection of a debt. *Gruntz* involved a misdemeanor criminal complaint against a debtor for his failure to pay child support in violation of California Penal Code § 270. The court's analysis focused heavily on the "deep conviction" that federal bankruptcy courts should not interfere with the result of state criminal matters, quoting the United States Supreme Court: "[t]he right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." *Id.* at 1084

(quoting *Kelly v. Robinson*, 479 U.S. 36, 47, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986)). In overturning *Hucke v. Oregon*, 992 F.2d 950 (9th Cir. 1993), the court pointed out that

> On its face, [§ 362(b)(1)] does not provide any exception for prosecutorial purpose or bad faith. If the statutory command of the Bankruptcy Code is clear, we need look no further: it must be enforced according to its terms. *See United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Indeed, to do otherwise would insert phrases and concepts into the statute that simply are not there.

*Id*. at 1085.

The State of California chose to criminalize the failure to pay child support and provided criminal penalties for those violations. *Id*. at 1086. Likewise, the State of Arizona has chosen to provide criminal penalties to victims of theft by granting victims the right to seek pre-conviction restitution liens in pending criminal cases. "[I]n the case of the automatic stay, Congress has specifically subordinated the goals of economic rehabilitation and equitable distribution of assets to the states' interest in prosecuting criminals." *Id*.

Further, a victim's right to restitution is part of the Victims' Bill of Rights that is part of Arizona's Constitution. *See* Ariz. Const., art. 2, § 2.1(8). The Arizona legislature has codified this right in Title 13 of Arizona's Criminal Code, specifically allowing an alleged victim of a crime to seek a pre-conviction lien. It is a provisional criminal attachment; it is not a civil penalty. The pre-conviction lien cannot be imposed outside of the criminal proceeding and requires the victim to "file a request with the court." A.R.S. § 13-806(C). The criminal court, not the victim or creditor, determines whether such a lien shall issue. *Id.* This Court agrees with those courts that have interpreted 11 U.S.C. § 362(b)(1), and *In re Gruntz,* broadly:

> Section 362(b)(1) provides for an exception to the automatic stay for "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). "The exception covers, from start to finish, all of the parts or proceedings that constitute a criminal action. For example, (b)(1) shields the filing of a criminal complaint or other process that initiates the

> criminal action even if the person responsible is a private citizen who is the debtor's creditor." 1 D. Epstein, S. Nickles and J. White, *Bankruptcy* § 3–20 at 206 (1992 ed.) (footnote omitted).

*In re Davis*, 244 B.R. 776, 790 (Bankr. N.D. Ill. 2000); *see also In re Henley*, 480 B.R. 708, 805-06 (Bankr. S.D. Tex. 2012); *In re Stewart,* 544 B.R. 859, 863-64 (Bankr. N.D. Miss. 2015); *In re Yearby,* 2013 WL 6155018 *2 (Bankr. S.D. Ga.).

For these reasons, the Court finds that Oxford's request and receipt of a pre-conviction lien was excepted from the automatic stay by virtue of 11 U.S.C. § 362(b)(1).

IT IS HEREBY ORDERED denying Debtors' request to find Oxford in contempt. Counsel for Oxford shall lodge a form of order for the Court's consideration.